[Crim. No. 5175. Second Dist., Div. Two. Nov. 22, 1954.]

THE PEOPLE, Respondent, v. CATHERINE OBERSMITH, Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

Warner I. Praul and Horace Appel for Appellant.

McCOMB, J.—From a judgment of guilty of (1) fraudulently and feloniously altering a grant deed on or about October 26, 1950, and causing the same to be recorded in the official records of Los Angeles County with the intent to cheat and defraud, and (2) feloniously and knowingly procuring and offering to be filed, registered and recorded in the official records of Los Angeles County a false and forged instrument purporting to be a grant deed conveying from Alice R. Green to defendant certain real property, after trial before a jury, defendant appeals. There is also an appeal from the order denying the motion for a new trial.

*Facts:** On October 26, 1950, the complaining witness, Alice R. Green, signed a grant deed conveying to defendant certain real property, to wit: "Lot 8, in Block 88, of Santa Fe Springs Tract, as per map recorded in Book 26, Pages 37-40 of Miscellaneous Records of Los Angeles County." Thereafter, defendant inserted in the grant deed the following: "Grantor conveys all of her right, title and interest, not only as far as her interest in said property is concerned, but also any interest that she has in the Estate of M. M. Green, also known as Manly M. Green, Deceased, and hereby warrants that she is the sole heir of said Estate and entitled to the said property under the Probate Administration thereof." Subsequently defendant caused the grant deed as altered to be recorded in the official records of Los Angeles County on October 27, 1950.

Defendant does not question the sufficiency of the evidence to sustain the findings of fact upon which the verdict of guilty was necessarily predicated but claims that the court erred (1) in its rulings on the admissibility of evidence relating to proceedings had in the Superior Court of Los Angeles County in connection with the probate of the estate of the

---

*The evidence is viewed in the light most favorable to the People (respondent) pursuant to the rule set forth in *People* v. *Pianezzi*, 42 Cal.App. 2d 265, 269 [2] [114 P.2d 601], hearing denied by the Supreme Court.

husband of the complaining witness, (2) in restricting the cross-examination of the complaining witness, and (3) in limiting the scope of the examination of a defense witness, Hiram T. Kellogg.

Article VI, section 4½ of the Constitution of the State of California reads in part as follows: "No judgment shall be set aside, or new trial granted, *in any case*, on the ground of *misdirection of the jury*, or of the *improper admission . . . of evidence . . .* unless, after examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice . . ." (Italics added.)

We have examined the record and are of the opinion the evidence fully sustains the verdict of guilty on each count and that there has not been a miscarriage of justice in the present case. It needs no citation of authority to support the thesis that this court is bound by the mandate of the Constitution of the State of California. It therefore follows that the alleged errors, not being prejudicial, must be disregarded.

It is likewise apparent no useful purpose would be served by a discussion of the errors alleged by defendant, which would only result in a repetition of principles of law well established in this state and repeatedly reiterated in opinions of the appellate courts. We therefore refrain from further discussion of such alleged errors. (*People* v. *Irvine,* 113 Cal.App.2d 460, 464 [248 P.2d 502], hearing denied by the Supreme Court.)

 Defendant further contends that the legal effect of the alteration of the deed did no more than to carry out the intent of the grantor (the complaining witness) to deed the two particular parcels to the grantee (defendant), and therefore the alleged alteration did not operate to defraud anyone who might act on the deed as genuine, and hence it is not a forgery.

In support of the aforesaid contention defendant argues that the word "said" appearing in the third paragraph of the grant deed relates only to the property previously described in the instrument, that is, the two lots. The third paragraph of the deed, which was inserted by defendant after the deed was executed, reads: "Grantor conveys all of her right, title and interest, not only as far as her said interest in said property is concerned, but also any interest that she has in the estate of M. M. Green, also known as Manly M. Green, deceased, and hereby warrants that she is the sole

heir to said estate and entitled to the said property under the probate administration thereof.''

Defendant's contention is devoid of merit for the terms of a writing are presumed to have been used in their primary and general acceptation. (Code Civ. Proc., § 1861.) The questioned paragraph thus read is divisible into two parts. First, the grantor is purportedly conveying not only any interest she has in ''said property'' (that is, the two lots) but also any interest she has in Mr. Green's estate. Second, the grantor is purportedly warranting that she is the sole heir ''to said estate'' and entitled to the ''said property.'' The phrase ''said property'' is reasonably interpreted, as it was by the jury, in its generic sense to mean all of the estate of the decedent and if the evident intent of defendant in altering the deed had been carried out, Mrs. Green would have suffered a detriment as a result of the forgery. (See *People* v. *Horowitz*, 70 Cal.App.2d 675, 688 [8] [161 P.2d 833].)

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied November 30, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 22, 1954. Schauer, J., was of the opinion that the petition should be granted.