[Crim. No. 5290. Second Dist., Div. Two. Apr. 18, 1955.]

THE PEOPLE, Respondent, v. SABAS APODACA, JR., Appellant.

Minsky & Garber for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of the possession of heroin in violation of section 11500 of the Health and Safety Code. He appeals from the ensuing judgment and the order denying his motion for a new trial.

Defendant was under observation of Police Officer Poe, who was in plain clothes, for about 45 minutes on the morning of February 21, 1953, in the area near the merry-go-round section of Lincoln Park, in the city of Los Angeles. While defendant was seated on a park bench, Officer Poe observed three persons approach the bench at different times and have a conversation with defendant. "After the course of the con-

versation," which the officer could not hear, he "saw a small package exchange hands, at which time money, in the form of bills," was handed to the defendant. Officer Poe then observed defendant walk toward the merry-go-round entrance to the park, going on back of a wall where the cars were parked. There defendant met another person, Officer Poe walked to the rear of the parked cars, from which position he observed defendant and the other party seated on a log, and saw the latter take some money out of his pocket. At that point an officer stepped out from behind the automobiles and up to where defendant and the other party were seated, announcing that he was a police officer sufficiently loud so that he was heard by Officer Weston, who was some 50 feet away. Defendant then got up, put his hand in his left trouser pocket and started to walk away. Officer Poe stepped up to defendant, put his hand on his shoulder, told him to stop and that he was under arrest. Defendant thereupon removed his hand from his pocket and threw a white object over his shoulder. The officer saw where the object landed. A severe struggle ensued between defendant and Officer Poe, each trying to retrieve this discarded object. Defendant grabbed it and apparently started to put it in his mouth when Officer Weston intervened. Defendant again threw the package. Officer Weston directed a man standing close by to retrieve it and bring it back to him. This the man did. The object that defendant threw was the same one that he had previously thrown over his shoulder and attempted to put into his mouth. It consisted of a latex bag containing some 12 grams of powder which was identified as heroin.

Defendant's version was that as he was approaching his automobile in Lincoln Park someone threw a package to him, which he immediately threw away over his shoulder. Whereupon he was seized by a police officer whose identity he did not learn until handcuffs were being placed on him.

Defendant's sole ground for a reversal is that the trial judge committed prejudicial error in limiting the cross-examination of Officer Weston, who testified on rebuttal that defendant had approximately $900 on his person at the time of his arrest.

It is settled that the scope of cross-examination is within the sound discretion of the trial court, and that its rulings in such matters will not be disturbed on appeal in the absence of a clear abuse of such discretion.

On rebuttal, Officer Weston testified, without objection, that when defendant was booked at the jail he had a little

over $900 on his person. On cross-examination he was asked this question: "Isn't it a fact, Officer, that when money is picked up and when an alleged transaction has taken place, the money is introduced in evidence?" An objection was sustained on the ground that it was incompetent, irrelevant and immaterial. After a few questions on another subject, the following transpired:

"Q. By MR. GARBER: You did not take that $900.00 and book it for evidence to be used in this case? A. We booked it with the prisoner at the jail, and he was given a receipt for it.

"Q. Do you have that receipt with you? A. No. It is in the jail records.

"Q. Do you have with you any record of having introduced that money to be used for evidence?"

Objection to this last question, on the grounds that it was incompetent, irrelevant and immaterial, was also sustained. The rulings were correct. Whether it was customary to offer in evidence in a criminal trial money found on a defendant at the time of his arrest or whether the officer had with him "any record" showing that the money taken from the person of this defendant had been introduced in evidence, were wholly irrelevant and immaterial to any issue in the case.

Although no suggestion was made to the trial judge as to the purpose of these questions, defendant now asserts he was attempting to impeach Officer Weston. There is no merit in this theory. An affirmative answer to the first question would not have tended to impeach the officer since the failure to offer the money in evidence is of no significance in a prosecution for possession rather than sale of narcotics. Defendant seeks to create the impression that he did not have the amount of money on his person when arrested that the officer testified he had. It was, however, a simple matter to trap the officer if he had lied for he testified that the money was "booked" with the defendant and "he was given a receipt for it." The defendant, however, neither denied having been given a receipt for the money nor did he produce the receipt to establish that it was for a smaller amount. There was obviously nothing of an impeaching nature in the final question. No suggestion was made that the money had been used for evidentiary purposes. If such had been the fact it would have been disclosed by the transcript of the preliminary hearing which presumably had been furnished defendant prior to trial in the superior court as required by law. (Pen. Code, § 869.) He made no such disclosure. There

was, therefore, no showing of the existence of any such record, or that this witness was the proper custodian thereof, if such, in fact, existed. Consequently, no basis for impeachment was shown. It is clear that the court did not abuse its discretion in sustaining the objections to these two questions and that the defendant was not prejudiced by such ruling. (*People* v. *Obersmith,* 129 Cal.App.2d 97, 98-99 [276 P.2d 19]; Cal. Const., art. VI, § 4½.)

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 27, 1955.