[Crim. No. 1346. Fourth Dist. Sept. 18, 1958.]

THE PEOPLE, Respondent, v. HERBERT A. BARRAGAN et al., Appellants.

Thomas Whelan for Appellants.

Edmund G. Brown, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellants, with one Robert L. Martinez, were charged in count one of an information with criminal conspiracy to violate section 11500 of the Health and Safety Code, in violation of section 182 of the Penal Code. Joseph Sanchez, Vest Barragan and John Doe were named in said count as unindicted coconspirators. Appellant Barragan was charged in counts two, three, four and five of violation of section 11500 of the Health and Safety Code, to wit, individual and separate acts of selling, furnishing and giving away of a narcotic, to wit, marijuana, each act a felony. A jury found appellant Barragan guilty as charged in counts one through five and appellant Galindo guilty as charged in count one. The jury failed to reach a verdict as to Martinez and a new trial date was set as to him. Appellants' motions for a new trial were denied. Galindo was given probation for five years under certain conditions and Barragan was sentenced to imprisonment in the state's prison. Barragan and Galindo appeal from the "judgments" and from the order denying their motion for a new trial, contending that the trial court erred in the decision of questions of law arising during the trial, and in restricting the cross-examination of appellants.

On May 2, 1957, Ernest Halcon, a special deputy sheriff working as an undercover agent, met one Joseph Sanchez in San Diego and purchased 16 hand-rolled marijuana cigarettes from one Henderson, in the presence of Sanchez. On May 26th Sanchez took Halcon to appellant Barragan's home but Barragan was not there. However, on June 11th Halcon found Barragan at home and introduced himself as Ron Rico. Barragan told Halcon he had heard about him from Sanchez and asked if Halcon was in San Diego for the same purpose as before. When Halcon stated that he was, Barragan said that he "wasn't holding at this time." Barragan then took Halcon

to another area in San Diego where Barragan said "he knew of another connection living there." Barragan did not obtain any narcotics at this place and told Halcon to contact him later.

On June 15th Halcon went to Barragan's home and asked him if he was "holding" and Barragan replied "that a fellow just picked up what he had ordered from him and he was clean." However, Barragan told Halcon that he could let him have a "roach" and handed it to Halcon, saying, "It is only good for two or three tokes." Barragan told Halcon he was clean (out of possession) because he did not have any money and asked Halcon for a loan of $2.00. Halcon gave Barragan the money and it was agreed that Barragan would deduct it from the price of a "tin" that he would get for Halcon later.

On June 24th Halcon and Barragan went to a body shop in San Diego operated by defendant Martinez. Martinez and Barragan went to a Cadillac belonging to Martinez and parked near the shop. Barragan returned with a hand-rolled cigarette which he handed to Halcon, saying, "I scored a joint from the fellow in the Cad." Halcon asked appellant if he was the connection for his friend in the "Cad." and Barragan said, "Yes. I pick up for him and his business partner."

On July 4th Barragan told Halcon he had two tins that Halcon could buy but that they would have to go to his partner's home in San Diego; that his partner had just gotten out of the paratroopers and that "they (appellants Barragan and Galindo) were back in business." Halcon and Barragan then went to an address in San Diego where they met appellant Galindo and in his presence Barragan produced two brown paper packages and said to Halcon, "Here's the stuff. It is real good. I have just got rid of fifteen of them before I saw you." Halcon gave Barragan $20 for the two packages, which were later proven to contain marijuana. On July 20th Halcon went to Galindo's residence and in a conversation with him, Galindo said, "I have just got out of the service and it will take me two or three weeks to get back in the swing of things and really make some money." On July 10th Barragan and Halcon went to 803 Beardsley Street in San Diego where Barragan obtained 10 marijuana cigarettes which he sold to Halcon for $3.00.

On July 24th a deputy sheriff arrested Galindo and, upon searching his home, found a marijuana cigarette in a coat hanging in his closet. On July 24th appellant Barragan was interviewed in the county jail by a deputy sheriff and stated

to the deputy that he was in jail because of narcotics, and said, "I sold marijuana to some people." When the officer asked which people, Barragan replied, "People that were the wrong people, I guess."

Appellants do not urge insufficiency of the evidence as a ground of appeal and concede that if the evidence was believed by the jury, it will as a matter of law support the verdicts. They claim, however, that the trial court committed error in restricting the cross-examination of Halcon, the undercover agent. Halcon was asked on cross-examination by counsel for appellants if he had a conversation with Sanchez on the morning of May 2 in the presence of Henderson. An objection was made by the prosecution and sustained by the court on the ground that it was beyond the scope of direct examination and was immaterial. The court then remarked that he did not think it was material as to how Halcon got his contacts. The following then took place:

"MR. WHELAN: I know, your Honor, but if this evidence was material at all then if it is admissible against the two chaps who weren't even there I think we are entitled to inquire into what did happen and who Sanchez is and what this is all about.

"THE COURT: What you want to find out is who else is involved as undercover agents, and I am not going to permit that.

"MR. WHELAN: I am not concerned with that at all except as it has any bearing on this case.

"THE COURT: I don't think it has any bearing on it.

"MR. WHELAN: Very well."

Appellants argue that the court's ruling sustaining the objection to the question was error and cite *People* v. *Alvarez,* 154 Cal.App.2d 694 [316 P.2d 1006] in support of their contention. That case is authority for the proposition that in a prosecution for the sale of heroin it is prejudicial error to sustain the prosecution's objection to the disclosure of the identity of its informer who actively participated in the sale charged by delivering the purchase price to a defendant. However, in the instant case Joseph Sanchez was named in the information as one of the unindicted coconspirators and his identity was well known by appellants. The trial court evidently concluded that the substance of his conversation between Halcon and Sanchez would be immaterial since Halcon testified as to what took place and appellants were permitted to find out how Halcon's meeting with Sanchez was arranged

and what transpired at that meeting. It is the duty of the trial judge to restrict the cross-examination of witnesses to reasonable limitations. (*People* v. *Spreckels*, 125 Cal.App. 2d 507, 514 [270 P.2d 513].) The scope of the cross-examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. (*People* v. *Apodaca*, 132 Cal. App.2d 340, 341 [282 P.2d 182].) It does not appear that appellants herein were prejudiced by the criticized ruling and no clear abuse of discretion was shown.

 Appellants contend that the court erred in restricting the cross-examination of Halcon as to the characteristics of marijuana. In this connection the trial court stated he did not think that Halcon was qualified to identify the substance and assumed that the prosecution would call a qualified chemist to testify as to the characteristics of marijuana and to testify as to the presence or absence of marijuana in the exhibits in evidence. In his direct testimony Halcon was only allowed to state what the substance appeared to be. Wayne A. Burgess, a criminalist, was, in fact, called as a witness, qualified, and stated his opinion as to the substances involved. Appellants were given ample opportunity to cross-examine him as to the contents of the various exhibits. The question of whether Halcon was qualified to testify as' to the characteristics of marijuana was a matter resting largely in the discretion of the trial court and since no clear abuse of discretion was shown, his ruling cannot be disturbed on appeal. (*People* v. *Ravenscroft*, 90 Cal.App.2d 543 [203 P.2d 109].) Furthermore, appellant Barragan readily admitted that the various items which he procured and delivered to Halcon were marijuana.

Counsel for appellants states in his brief that "the venture of the trial court towards halting a proper cross-examination of a prosecution witness is not just occasional" and refers to a colloquy between the court and counsel which took place in another unrelated criminal case. The question of whether the court erred in restricting the cross-examination of Halcon in the instant case must be determined on the facts shown by the evidence and cannot be determined by what occurred in another action.

Judgments and order affirmed.

Griffin, P. J., concurred.