[Crim. No. 3038.    Third Dist.    Mar. 10, 1960.]

THE PEOPLE, Respondent, v. JUAN MORENO RIOS,
Appellant.

Alfred B. McKenzie, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment of the Superior Court in Sacramento County, and from an order denying appellant's motion for a new trial.

Appellant was convicted of a violation of section 11500 of the Health and Safety Code, the specific allegations of the indictment being that on November 1, 1958, appellant had sold a preparation of heroin. The principal witness for the prosecution was one Henry Lopez, an inspector with the State Bureau of Narcotics Enforcement. He testified as follows: On November 1, 1958, in the vicinity of 4th and K Streets in downtown Sacramento he encountered the appellant. After some conversation between the two, appellant asked Lopez if he wanted "something." Lopez replied that he had only $10, but that he wished to pick up a $10 "paper." A "paper" is a designation used by narcotics users and dealers to indicate a small "bindle" or package of narcotics. Appellant told Lopez he had some $7.00 papers, and Lopez stated he would take one paper. The two men then proceeded along the streets to a point where two small trees were growing along the sidewalk. At each tree appellant picked up an empty cigarette package and out of the second package took a small bindle wrapped with a piece of rubber balloon and gave it to Lopez who gave him a $10 bill and received three $1.00 bills in change. The two men then parted. They had been together about 30 minutes. Lopez took the bindle to the state bureau for analysis. He saw appellant only once more before the trial, on which occasion he spoke to him for approximately five to ten minutes. The next time Lopez saw appellant was on the day of the trial. He identified him as the person from whom he had purchased the narcotic. When Lopez purchased the narcotic he did not know appellant's name and had not asked him what it was. Later on he made inquiry in the vicinity where the transaction had taken place and was told that the person with whom he had dealt had probably been a person named Henry. Lopez looked at a file

782

of known narcotic users and dealers with the first name "Henry," saw a picture of appellant and so secured his full name. Upon this information appellant was arrested.

In support of his appeal appellant contends that the trial court committed prejudicial error in limiting the scope of cross-examination of Lopez and in refusing to allow certain photographs used during the cross-examination to be introduced into evidence. There is no contention that the evidence is insufficient to support the verdict.

On cross-examination counsel for appellant questioned Lopez further concerning the method by which he had ascertained the name of appellant and identified his picture. Counsel showed Lopez pictures of two other persons and Lopez testified that he recognized them as pictures of persons whose names he gave. Lopez admitted that in other matters not connected with the prosecution of this case he had, with respect to these same two men, made a mistake while attempting to identify other pictures of them. Lopez admitted that he had made such a mistake, but insisted, which was not shown to be wrong, that he had properly connected appellant and the photograph by which he had identified him and established his name prior to his arrest. Counsel sought to pursue the subject of the mistake further, but the court ruled that any further inquiry into the matter was not material inasmuch as the mistake had been admitted and the transactions in which it had been made were not relevant to the case at bar. This is assigned as error but we think the record shows the ruling was within the discretionary power of the court over the extent of cross-examination where, as here, the object was impeachment. (*People* v. *Barragan,* 163 Cal.App.2d 625, 629 [329 P.2d 733].) In the cited case it was said: "It is the duty of the trial judge to restrict the cross-examination of witnesses to reasonable limitations. [Citing cases.] The scope of the cross-examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion." No abuse of discretion is here shown.

After further cross-examination, redirect and further cross, appellant at the close of the case offered in evidence certain photographs which had been marked for identification. Objection was made and sustained upon the ground that the offered photographs, which had been supplied by counsel for appellant. had not been shown to have been the photographs scanned by Lopez and concerning which he had mistakenly

made identifications. The objection was good and the ruling was proper. The circumstance that he had been cross-examined upon them afforded no reason why the court was required to admit them into evidence.

We find no error in the record. The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J., concurred.