[Civ. No. 21419.   Second Dist., Div. One.   June 26, 1956.]

KENNETH D. HOLLAND et al., Respondents, v. BETH PADDOCK, Appellant.

BETH PADDOCK, Appellant, v. KENNETH D. HOLLAND et al., Respondents.

Erb, French, Picone & Griffin and John A. Griffin for Appellant.

Martin, Hahn & Camusi for Respondents.

FOURT, J.—This is an appeal from a single judgment rendered in two cases involving substantially the same facts, the cases having been consolidated for trial by order of the court upon stipulation of the parties.

Apparently the parties hereto had, for several years, been close personal friends engaging in social activities together and Kenneth Holland had also been employed by Beth Paddock as her attorney.

A fair résumé of the facts is hereinafter set forth. In December, 1950, Beth Paddock called Kenneth Holland in Beverly Hills from her home in Palm Springs and asked him to represent a friend of hers who had been charged with a violation of section 480, Vehicle Code (felony hit and run driving), and stated that she would pay all fees and expenses. Mr. Holland went to Palm Springs and investigated the matter and agreed to represent the person charged with the offense for $500, if a plea of guilty was made, or if the cause was submitted on the transcript of the preliminary hearing. Beth Paddock paid $250 on the account at the time. After court appearances and two trips to Palm Springs the defendant in the criminal case was found guilty and granted straight probation. A settlement of the personal injury claim in connection with the same matter was arranged for by Mr. Holland at a later date and for this service there was an added charge of $250. A charge of $150 was made for travel and telephone expenses.

In another matter, Beth Paddock employed Mr. Holland to collect certain rent and damages from a tenant of hers. Mr. Holland prepared a complaint against the tenant wherein $1,000 damages and $125 rent was sought. Mr. Holland had conferences with the attorney for the tenant and arranged for and had a joint inspection of the house in question and viewed the alleged damaged property. Mr. Holland advised Beth Paddock, after such view, that in his opinion she could only collect one month's rent and $200 or $300 damages, and that he could probably settle the case for that amount.

Beth Paddock thereupon became quite wrathy toward Mr. Holland and accused him of favoring the tenant, being neglectful and incompetent. Mr. Holland's charges for his services in that matter were $150 for fees and $9.50 for costs.

On March 1, 1951, Kenneth Holland and Sue Holland made a promissory note in favor of Beth Paddock in the sum of $2,000, payable in installments of $50 per month, commencing April 1, 1951, and continuing until paid, the installments to be applied against the principal and interest in the sum of 5 per cent per annum. The note provided that in the event a default occurred, the holder could, at her option, declare all unpaid principal immediately due and payable, and further that in the event an action were commenced to collect the note, the signers thereof would pay a reasonable attorney's fee. The plaintiffs paid $50 during each of the months of April, May, June and July of 1951.

On October 1, 1951, Beth Paddock gave Mr. Holland a check for $250, the balance of his fee in the criminal case. The Hollands made no further payments on the promissory note at that time because Mr. Holland had services and expenses to offset and he wanted to wait before billing her to ascertain if the defendant in the criminal case would pay anything on the account.

In June, 1952, Beth Paddock wrote Mr. Holland demanding full payment of the note. Mr. Holland replied that he would like to apply his fees and expenses against the note. Beth Paddock replied that she demanded full payment. On September 19, 1952, Mr. Holland wrote Beth Paddock wherein he set forth in detail the past relationships and transactions between the parties and then enclosed an itemized statement for services and expenses and a cashier's check for $140.50 which, with the offset, brought the payment on the note up to date. Beth Paddock refused to cash the check or apply it on the note, and again demanded full payment.

On March 17, 1953, Beth Paddock's then attorney wrote to Mr. Holland enclosing a statement for money purportedly due Beth Paddock from the Hollands totaling $3,611.05, not including the note.

On Friday, May 21, 1954, Beth Paddock filed an action on the promissory note in the Municipal Court, Beverly Hills Judicial District, against the Hollands, and on Monday, May 24, 1954, the Hollands filed an action in the superior court in declaratory relief. The action in declaratory relief set forth the promissory note and matters relating to the previous employment. The Hollands sought a declaration whether his charges for fees and expenses were reasonable; whether Beth Paddock was responsible for the same and whether the Hollands were liable for any of the items claimed in Beth Paddock's statement of March 17, 1953, for $3,611.05.

The Hollands filed a cross-complaint in the municipal court action identical with their superior court complaint which brought the case into the superior court. Beth Paddock filed an offer to compromise wherein she offered to allow the court to adjudicate that the Hollands were not indebted to her for any part of the $3,611.05.

At the time the matter came on for trial the following was stated in open court:

"THE COURT: . . . There is no question about the jurisdiction of the Court and its right to proceed with the Superior Court case, the one that originated here. As counsel and the Court have discussed, there is some question about the right to proceed with the Municipal Court case which was transferred to this court. But, as I understand it, you both wish now to stipulate that these two cases be consolidated for all purposes and be tried as one case; is that correct?

"MR. GRIFFIN (Counsel for Defendant): That's correct, your Honor.

"MR. CAMUSI (Counsel for Plaintiffs): That's correct, your Honor.

"THE COURT: Then there will be but one judgment and we need not concern ourselves so much about the pleadings, since apparently the parties agree that the $2,000 note was executed for good and sufficient consideration in March of 1951, that some cash had been paid upon it, and the only question between the parties is as to whether or not Mr. Holland, as attorney for Mrs. Paddock, rendered services at her instance and request for others and also for her, for which he is entitled to a credit of some $559.50.

"That is substantially correct?

"MR. CAMUSI: And, your Honor, with respect to this other bill of $3,611, our position would be if Mrs. Paddock stipulates that there was never any obligation, then there is no issue of that; otherwise we would want to litigate that matter.

"THE COURT: Well, I gathered from what Mr. Griffin says that Mrs. Paddock does not desire to press that and makes no claim for it in this action.

"MR. GRIFFIN: That's right, your Honor.

"THE COURT: Then we will not pay any attention to it, the same as though it was not in the pleading. As a matter of fact, I think it might be well if that portion was stricken.

"MR. CAMUSI: We feel we would like judgment on that matter, your Honor."

Appellant, Beth Paddock, contends that the complaint for declaratory relief fails to state facts sufficient to constitute a cause of action for the reason that the Hollands had an adequate remedy at law because all of said matters constituted accrued causes of action.

At the time the suit was filed several monthly payments on the note were not yet due. In June, 1952, when Beth Paddock demanded full payment, the Hollands had made no payments on the note since July, 1951, a period of about eleven months. It would appear that she had waived her rights to declare the whole amount due by using the acceleration clause, by reason of her failure to act reasonably and promptly. It was held in *Kinsel* v. *Ballou,* 151 Cal. 754 [91 P. 620], that an option to declare the entire principal due on default of a payment of principal or interest must be exercised within a reasonable time.

The court in *Columbia Pictures Corp.* v. *De Toth,* 26 Cal.2d 753, at page 761 [161 P.2d 217, 162 A.L.R. 747], said: "The remedies provided by the statute are cumulative and declaratory relief may be asked alone or with other relief (Code Civ. Proc., §§ 1060-1062). Hence a plaintiff's right to proceed is not barred by the fact that the contract sued upon may have already been breached and that traditional or statutory . . . alternative remedies are available."

We are of the opinion that the complaint stated a cause of action in declaratory relief and that Beth Paddock's waiver and offer of judgment in reference to the $3,611.05, claim could not deprive the court of jurisdiction. The Hollands were obviously entitled to a judgment on the claim, and only the superior court could render such a judgment.

Beth Paddock's contention that she was entitled to attorney's fees and costs on the note is also without merit. She first demanded payment in full in June, 1952, but crediting the Hollands with the setoff, the note was paid through June, 1952. In September, 1952, the Hollands tendered all sums due on the note, namely the sum of $140.50, and offered to pay all future sums due. This tender was rejected by Beth Paddock and she informed the Hollands that she would accept no payments except in full without credits. Having refused the tender, she cannot now claim attorney's fees and costs. After rejection of a tender made in good faith the creditor loses his right to collect further interest, costs and attorney's fees (Civ. Code, § 1504; 8 Cal. Jur.2d 552).

Beth Paddock contends that the court erred in making and entering its findings of fact and conclusions of law under the circumstances. Suffice it to say that although the evidence was conflicting, the court decided the matter in the Hollands' favor. There was ample evidence to support the findings, and the findings support the judgment.

We are of the opinion, for the reasons heretofore set forth, that the judgment should be affirmed.

It is the order of the court that the judgment be, and the same is hereby affirmed. The appeal from the order denying the motion for a new trial, being a nonappealable order, is hereby dismissed.

White, P. J., and Doran, J., concurred.