[Civ. No. 22295. Second Dist., Div. Three. Dec. 4, 1957.]

CLAYTON E. HEIMSTADT, Respondent, v. TAPERED PARTS, INC. (a Corporation), Appellant.

Nathan M. Dicker for Appellant.

Hanna & Morton and David A. Thomas for Respondent.

SHINN, P. J.—The present action was for the foreclosure of a chattel mortgage in which judgment of foreclosure was decreed. Defendant appeals from a portion of the judgment which it is claimed was in excess of the amount due. The contention is that a tender was made of the amount due which was sufficient to stop the running of the interest obligation and to save the defendant the costs of suit.

The note provided: "Should an attorney be employed to procure payment hereof by suit or otherwise, the undersigned, jointly and severally, agree to pay a reasonable sum as attorney's fees therefor." On February 14, 1955, plaintiff was in possession of defendant's check for $2,000 which had been forwarded as partial payment with a letter which stated that the balance unpaid was $12,000. The check was returned by plaintiff's attorney with a letter which stated that there was an additional amount payable of $212, that defendant was in default, plaintiff elected to declare the entire amount of the note and interest immediately due, demanded payment including the $212 and the sum of $300 as attorney's fees.[1] No pay-

---

[1] "February 14, 1955

"Tapered Parts, Inc.
11254 Regentview
Downey, California

"Attention: R. L. Porter

"Re: Clayton E. Heimstadt

"Dear Sir:

"Enclosed herewith is your check No. 288 in the amount of $2000. I call your attention to the statement thereon, 'Balance Due on Principal: $12,000.' Mr. Heimstadt has advised me that he cannot accept this check subject to the above-quoted limitation, because of a $212 deficiency in principal payments. Your attention is also directed to the

ment was made. On July 8th defendant made a written offer of payment.[2] Four days later the present action was commenced. It is not questioned that plaintiff had a right to accelerate the payment of the unpaid balance. Neither is it questioned by plaintiff that a sufficient offer of payment stops the running of interest and relieves the debtor of liability for attorney's fees and costs. (Civ. Code, § 1504; *Holland* v. *Paddock*, 142 Cal.App.2d 534 [298 P.2d 587].)

The questions of law are whether plaintiff had a right to demand the payment of $300 as attorney's fees and whether defendant's tender of payment was sufficient to stop the running of interest and to save defendant from costs of suit.

Upon the first point the only contention appears to be that the attorney had done nothing but write one letter, demanding payment, from which we may infer that defendant now regards the charge as excessive. It is not claimed there was no obligation to pay a sum as attorney's fees. We shall refer later to the amount of the fee demanded by plaintiff.

---

fact that the first interest installment which became due on January 20, 1955, has not been paid and is presently in default.

"In view of the above, Mr. Heimstadt hereby exercises his option under his note to declare the entire sum of unpaid principal and interest immediately due and payable.

"Unless all sums due under Mr. Heimstadt's note, together with $300 in attorney's fees, are received by this office no later than February 18, 1955, Mr. Heimstadt will institute foreclosure proceedings against you.

"Very truly yours,

Marvin H. Magad"

[2] "July 8, 1955

"Marvin H. Magad, Esq.
5204 Laurel Canyon Blvd.
North Hollywood, California

"Re: Tapered Parts v. Heimstadt, et al.

"Dear Mr. Magad:

"This is to advise that Tapered Parts, Inc. wishes to pay the full balance due on its promissory note of June 16, 1954 to John A. McKee, and which I understand from you is now held by Clayton E. Heimstadt.

"According to my figures there is a principal balance of $14,000 and interest of $872.00, which includes interest to July 20, 1955.

"We are now prepared to make this payment, without, however, waiving any claim my client has against Mr. McKee.

"If you will advise me where payment can be made and the promissory note and release of chattel mortgage procured, such payment will be made immediately.

"In the event I have made any error in calculating the interest, will you please call that to my attention so that I may correct the amount of our offer to pay.

"Yours very truly,

NATHAN M. DICKER"

 It cannot be seriously maintained that an obligation which includes a liability for attorney's fees can be satisfied by the payment of the sum exclusive of attorney's fees. When the obligation to pay such a charge has accrued it becomes a part of the principal obligation. A creditor to whom payment is due has no duty to accept less than the entire debt. Defendant cites no authority on the point and plaintiff says it does not appear to have been directly decided in our state whether a tender of payment which does not include an offer to pay attorney's fees which are a part of the entire obligation, is a sufficient offer of payment. This is understandable. It is not a debatable question.

The second contention is that plaintiff did not object to the form or amount of the tender and waived all objections thereto; wherefore it is contended that the tender must be deemed a sufficient offer to pay all that was due.

Section 2076, Code of Civil Procedure, provides that one who does not object to the form or amount of a tender cannot be heard to complain later that it was insufficient in those particulars.[3] Section 1501 of the Civil Code is to the same effect.

But the rule is unavailable to defendant to excuse the inadequacy of its offer of payment. The reason for the rule is that a debtor who is able and willing to pay his debt has a right to know what his creditor will demand in order that his offer may be made to conform, if he chooses to do so. The offer of payment carries with it certain advantages which should not be lost through the debtor's mistake in anticipating the amount claimed by the creditor. The creditor cannot be permitted to take advantage of his debtor by remaining silent after receiving an offer of payment and thereafter coming forward with an additional demand of which the debtor had no knowledge or notice. Defendant's offer of payment was sufficient as to the amount except as to the charge for attorney's fees. The court determined that defendant did not owe the item of $212. But the offer was inadequate in that it did not include an offer to pay anything on account of the attorney's fees.

---

[3] "OBJECTIONS TO TENDER MUST BE SPECIFIED. The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards."

■ Defendant cannot escape from the inadequacy of its tender by asserting that plaintiff did not point out the particulars in which it was deemed inadequate. Plaintiff had made his demand. There was no uncertainty as to the amount he was claiming. Defendant did not have to comply with that demand with respect to the attorney's fees. It had no obligation to pay more than a reasonable amount as attorney's fees. If the amount demanded was considered excessive defendant should have so stated and should have offered to pay an amount it deemed reasonable. Such an offer may well have led to an agreement as to the amount. The fact that plaintiff may have been demanding too much did not relieve defendant of the duty to pay a fair amount. Defendant's offer of payment amounted to a refusal to pay anything. It was, in effect, a demand that plaintiff accept the lesser amount in satisfaction of the entire debt and himself pay the attorney without reimbursement. It is too late for defendant to assert that the charge was excessive. That objection should have been made, with an offer to pay a sum defendant deemed reasonable, before plaintiff brought suit for foreclosure.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.