[Civ. No. 1400. Fifth Dist. Nov. 18, 1971.]

ERNEST M. STILL et al., Plaintiffs and Respondents, v.
PLAZA MARINA COMMERCIAL CORPORATION,
Defendant and Appellant.

## COUNSEL

Jack H. Berkowitz for Defendant and Appellant.

Young, Wooldridge, Paulden, Self & Williams and Joseph Wooldridge for Plaintiffs and Respondents.

## OPINION

**FRANSON, J.**\*—In 1964 plaintiffs sold to defendant a 9,000-acre parcel of land in Kern County. Part of the down payment was a promissory note in the sum of $326,000, payable on or before October 8, 1968, with interest at the rate of 7 percent per annum. The note contained a provision: "Should suit be commenced to collect this note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees."

In 1966 plaintiffs filed suit on the note and unsuccessfully sought to accelerate the due date because of alleged delinquencies in interest payments. During the trial in Ventura County defendant contended it was entitled to an offset on the note because, prior to the sale to defendant, plaintiffs had sold a portion of the land to another party. However, the court concluded that it should not determine the value of the offset as it had not been alleged and was not an issue in the action and entered judgment for defendant. Plaintiffs accepted the judgment but defendant appealed, contending that the trial court erred in not determining the amount of the set off. On September 3, 1969, the appellate court affirmed the judgment on the ground that the offset was not an issue in the action.

The note was not paid when due on October 8, 1968. After a written demand for payment was made and refused, plaintiffs, on October 17, 1968, filed the present action to collect the note. In addition to seeking recovery of principal and accrued interest, the complaint alleged that it was necessary for plaintiffs to employ attorneys to prosecute the action and to collect the money due on the note, and prayed that defendant be required to pay a reasonable sum as attorney's fees.

Plaintiffs attached the real property in Kern County, and on December 10, 1968, defendant filed a motion to release the attachment. On December 19, 1968, plaintiffs filed an amended affidavit for attachment alleging, in addition to principal and interest, that defendant was indebted to them

---

\*Assigned by the Chairman of the Judicial Council.

in the sum of $100,000 for attorney's fees. On December 18, 1968, the court fixed defendant's undertaking for release of the attachment at $400,000 and ordered the attachment released upon posting of the bond.

■ On January 20, 1969, defendant filed a verified answer denying only that it was necessary for plaintiffs to employ an attorney to prosecute the action, thereby admitting the genuineness of the note, that it was overdue, and the amount owed. By way of a further defense and counterclaim, defendant alleged a partial failure of consideration for the note in the sum of $30,000, based on the value of the land not conveyed to defendant at the time of the sale. Defendant alleged that in the event the appeal from the Ventura judgment determined that the sum of $30,000 was owed to defendant, it would be a reduction in the amount owed on the note and that if the appellate court ruled that the offset was not an issue in the prior action, it would be litigated in the present action. On the same date, contemporaneous with its answer and counterclaim, defendant filed a document entitled "Tender of Payment," which stated that defendant tendered to plaintiffs the sum of $326,000 principal, accrued interest from July 8, 1968, and costs of suit properly incurred, and which included an offer to pay a sum of $1,000 as attorney's fees. The tender provided that if plaintiffs refused to accept the sum offered as attorney's fees, defendant continued to offer the principal amount, interest and costs, without prejudice to the right of plaintiffs to litigate the amount of attorney's fees.

On January 23, 1969, plaintiffs filed a motion to strike both the counterclaim and the tender on the grounds that the documents were sham and irrelevant to the issues in the action; on February 18, 1969, plaintiffs' motion to strike was denied.

On February 28, 1969, plaintiffs filed a document entitled "Response to Tender of Payment" wherein they stated that they would accept the principal sum of $326,000, together with all interest due thereon, plus costs of suit as allowed by the court, together with reasonable attorney's fees in the amount of 10 percent of the total of the principal sum, plus interest as of the date of the tender of payment. In the response plaintiffs demanded payment of the moneys forthwith and advised defendant that if the principal, interest and costs were not paid, and additional time was spent on the matter, additional fees and costs would be incurred. No moneys were paid.

On April 22, 1969, plaintiffs filed a memorandum to set the matter for trial. On April 28, 1969, defendant filed a counter-memorandum demanding a jury trial and asked that the proceedings be stayed until a ruling was made on the appeal from the Ventura judgment. After several

motions the matter was set for jury trial commencing September 29, 1969. On July 3, 1969, plaintiffs served a notice of the trial date on defendant. On September 18, 1969, 11 days prior to the date fixed for trial, defendant's counsel posted jury fees with the county clerk. On September 19, 1969, the clerk sent a letter to defendant's counsel, advising him that the fee was posted too late and it would be refunded. (Code Civ. Proc., § 631, subd. 5.) On the morning of the trial, defendant moved for relief from its waiver of a jury. Because of the failure of defendant to post jury fees within the time specified by law, a jury had not been summoned for trial. After extensive argument the trial judge denied defendant's motion and ordered the matter to proceed as a court trial.

Evidence was presented on the issue of attorney fees and on defendant's counterclaim. On November 12, 1969, the judge announced his intended decision and awarded plaintiffs a judgment in the sum of $324,000, being the principal amount of the note minus an offset of $2,000, representing the value of the land which defendant had not received, plus interest on the $324,000 from July 8, 1968, to date of judgment, together with attorney's fees in the sum of $27,500 and costs of suit. Because of the failure of a timely request, findings of fact and conclusions of law were waived, and on December 8, 1969, a judgment was entered in accordance with the intended decision.

Appellant contends:

(1) The tender of payment on January 20, 1969, stopped the running of interest and additional attorney's fees beyond the sum of $1,000;

(2) The award for attorney's fees was excessive;

(3) The trial court unduly restricted cross-examination by defendant of the expert witnesses of plaintiffs as to the value of the legal services of plaintiffs' attorney; and

(4) The court erred in denying to defendant the right of trial by jury.

As to issues 1 and 2, insofar as they involve factual questions, the rules by which this court is bound in considering the sufficiency of the evidence to support the judgment are clear. This court's power begins and ends with a determination of whether or not there is substantial evidence to support the findings of the trier of fact. If there is such evidence, we must affirm even though we may feel the judgment is against the preponderance of the evidence. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *Estate of Teel*, 25 Cal.2d 520, 527 [154 P.2d 384]; 3 Witkin, Cal. Procedure (1954) Appeal, § 84, pp. 2245-2247.) All legitimate and reasonable inferences must be resolved in favor of the prevailing party,

and we cannot substitute our judgment for that of the trial judge. (*Continental Dairy Equip. Co.* v. *Lawrence,* 17 Cal.App.3d 378, 382 [94 Cal.Rptr. 887]; *Callahan* v. *Gray,* 44 Cal.2d 107, 111 [279 P.2d 963].) Where the findings of fact and conclusions of law are waived, every intendment is in favor of the judgment and it must be presumed that the trial judge found all the facts necessary to support the judgment. (*City of National City* v. *Dunlop,* 86 Cal.App.2d 380, 383 [194 P.2d 788]; *Block* v. *Laboratory Procedures, Inc.,* 8 Cal.App.3d 1042 [87 Cal.Rptr. 778].)

■ A tender is an offer of performance made with the intent to extinguish the obligation (Civ. Code, § 1485). When properly made, it has the effect of putting the other party in default if he refuses to accept it. (*Weisenberg* v. *Hirschhorn,* 97 Cal.App. 532 [275 P. 997]; *Lovetro* v. *Steers,* 234 Cal.App.2d 461 [44 Cal.Rptr. 604]; *Holland* v. *Paddock,* 142 Cal.App.2d 534 [298 P.2d 587].) When a party makes a tender of full payment to the holder of a promissory note when or after it is due, he is discharged to the extent of all subsequent liability for interest, costs and attorney's fees. (Com. Code, § 3604; Civ. Code, § 1504.)

However, a tender to be valid must be of full performance (Civ. Code, § 1486), and it must be unconditional. (Civ. Code, § 1494; *Wiener* v. *Van Winkle,* 273 Cal.App.2d 774 [78 Cal.Rptr. 761]; *Lovetro* v. *Steers, supra,* 234 Cal.App.2d 461, 479-480; *Schiffner* v. *Pappas,* 223 Cal.App.2d 526 [35 Cal.Rptr. 817].)

■ There is substantial evidence in the record to support an implied finding that defendant's so-called "tender" was not an offer of full payment of the note and was qualified and conditional by reason of the counterclaim.

At the hearing on the motion to strike, of February 14, 1969, counsel for defendant sought to explain the reason for filing the counterclaim simultaneously with the tender by stating: "We are willing to pay them the amount of our tender. Then if it turns out, after a trial, that we were entitled to a set off, we will seek from their assets to get it back.

". . . . . . . . . . . . . . . .

"So, in effect, we have two separate lawsuits."

The fallacy in this argument is that not only was there one action rather than two lawsuits, but that the counterclaim arose out of the very transaction for which the promissory note was given as part of the purchase price. The counterclaim alleged the $30,000 offset as a "partial failure of consideration" for the note. Defendant's argument is further weakened by its contention in its brief and at oral argument that the tender con-

stituted a "waiver" of the counterclaim. The facts are to the contrary. Defendant continually asserted the counterclaim from the time of filing through the trial and to judgment.

Even if we assume the validity of the tender, there is substantial evidence to support a finding of plaintiffs' acceptance of the principal, accrued interest and costs and of their objection to the amount offered for attorney's fees. (Code Civ. Proc., § 2076.) The declaration attached to plaintiffs' motion to strike, statements by plaintiffs' counsel at the hearing on the motion to strike, and the response to the tender, all indicate a willingness of plaintiffs to accept the principal, accrued interest and costs, as tendered, and indicate objection only to the amount of attorney's fees.

■ The provisions of Code of Civil Procedure section 2076, which provide that a person to whom a tender is made must, at the time, specify any objection he may have "to the money" or be deemed to have waived it, and that if the objection be to the amount of money, he must specify the amount required or be precluded from objecting afterwards, are for the purpose of informing a debtor who is willing and able to pay his debt what his creditor demands so that he may, if he chooses, make his offer conform. (*Thomassen* v. *Carr*, 250 Cal.App.2d 341, 350 [58 Cal.Rptr. 297]; *Heimstadt* v. *Tapered Parts, Inc.*, 155 Cal.App.2d 711, 714 [318 P.2d 689]; *Layton* v. *West*, 271 Cal.App.2d 508, 511-512 [76 Cal.Rptr. 507].)

By the amended affidavit for attachment filed on December 19, 1968, defendant was advised that plaintiffs were seeking $100,000 as attorney's fees. After defendant tendered $1,000 as attorney's fees on January 20, 1969, and after plaintiffs received the ruling of the trial court that their motion to strike was denied, they, on February 28, 1969, counteroffered the sum of 10 percent of the face amount of the note plus interest or approximately $36,000 for attorney's fees.

Considering the confusion caused by defendant's counterclaim and the time required to hear and decide plaintiffs' motion to strike, we must conclude that plaintiffs' response to the tender, under the circumstances, was a reasonable compliance with the provisions of Code of Civil Procedure section 2076.

■■ On the question of the amount of attorney's fees, we note that three expert witnesses testified at the trial as to the value of the services performed by plaintiffs' counsel. All valued the services to be in excess of $30,000. No witnesses were called by defendant. Apart from the preparation and filing of pleadings, hearings on demurrers, hearings on motion to

release property from attachment, motions to strike and hearing thereon, motions for summary judgment and hearing thereon, motions to set for trial, all of which were opposed by defendant, and the trial itself, it would appear that a most important service was rendered by plaintiffs' counsel in resisting the counterclaim for $30,000 and successfully reducing it to $2,000.

The value of attorney's services is a matter with which a judge is necessarily familiar. (*Spencer* v. *Collins,* 156 Cal. 298, 307 [104 P. 320].) The nature of the obligation, the difficulty in enforcing it, the amount involved, the skill required, the attention given, the success of the attorney's efforts, are factors to be considered. (1 Witkin, Cal. Procedure (2d ed. 1970) § 94, pp. 101-103.) While the fee here allowed is rather high, we cannot say that it shocks the conscience or that passion or prejudice influenced the determination. (*Libby* v. *Kipp,* 87 Cal.App. 538 [262 P. 68]; *State of California* v. *Westover Co.,* 140 Cal.App.2d 447 [295 P.2d 96].) The value of the legal services was a question of fact for the judge. There is substantial evidence to support his judgment.

■ Appellant next urges that the judge unduly restricted its cross-examination of the expert witnesses. His contention is without merit. The record shows that the cross-examination was extensive. It is well settled that the scope of cross-examination rests largely within the sound discretion of the trial judge (*People* v. *Morlock,* 46 Cal.2d 141, 149 [292 P.2d 897]; *Marshall* v. *Marshall,* 232 Cal.App.2d 232, 254 [42 Cal.Rptr. 686]), and it is his duty to restrict the cross-examination to reasonable limitations. (*People* v. *Chapman,* 207 Cal.App.2d 557, 577 [24 Cal.Rptr. 568]; *People* v. *Barragan,* 163 Cal.App.2d 625 [329 P.2d 733]; *People* v. *Hambrick,* 162 Cal.App.2d 239 [327 P.2d 570].) The rulings of the trial court will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, not here shown. (*Garcia* v. *Hoffman,* 212 Cal.App.2d 530, 536 [28 Cal.Rptr. 98].)

■ With reference to defendant's right to a jury trial, the question presented is whether it was an abuse of discretion to deny defendant's motion for relief from its waiver of a jury trial, made at the morning of trial. Under Code of Civil Procedure section 631, subdivision 5, a jury is waived by failure to deposit jury fees for one day, at least 14 days before the date set for trial. The purpose of requiring deposit of fees is to make certain that there will be time to call the jury after the fees have been posted, and to benefit the court in the orderly conduct of its business. (*Harmon* v. *Hopkins,* 116 Cal.App. 184, 187 [2 P.2d 540]; *Burbank* v. *McIntyre,* 135 Cal.App. 482 [27 P.2d 400]; 4 Witkin, Cal. Procedure (2d ed. 1970) § 81, pp. 2915-2916.)

In *Davis* v. *Conant,* 10 Cal.App.2d 73, 75 [51 P.2d 151], it is stated: "The court may refuse a jury trial if jury fees are not deposited as required by section 631 of the Code of Civil Procedure, and the litigant is not thereby deprived of any constitutional right." (See also *Gray* v. *Craig,* 127 Cal.App. 374 [15 P.2d 762, 16 P.2d 798]; *Norland* v. *Gould,* 200 Cal. 706 [254 P. 560].)

Prejudice cannot be presumed from the fact that appellants' case was tried before a judge instead of a jury. On the contrary, it is presumed that the trial was fair and impartial. (*Harmon* v. *Hopkins, supra,* 116 Cal.App. 184, 188; *Glogau* v. *Hagan,* 107 Cal.App.2d 313, 318-319 [237 P.2d 329].)

It appears from the record that no jury panel was available for this case on the morning of trial, and that a granting of defendant's motion to be relieved from its waiver of a jury trial would have resulted in a continuance. We take judicial notice of the difficulty in getting civil cases to trial because of the priority granted by law to criminal trials. A continuance of the trial undoubtedly would have involved a considerable delay. We note also that defense counsel was advised approximately eight days before the date of the trial of the fact that his jury fees had not been posted in time. Rather than promptly moving for relief from the waiver, counsel waited until the morning of trial to seek relief. The matter was within the discretion of the trial judge, and we find no abuse of discretion.

The judgment is affirmed.

Stone, P. J., concurred.

Brown (G. A.), J., deeming himself disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied January 13, 1972.