Filed 2/26/24; certified for publication 3/8/24 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| G.F. GALAXY CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PHUOC LEE JOHNSON,<br><br>    Defendant and Respondent. | D081492<br><br><br><br>(Super. Ct. No. 37-2019-<br>00009803-CU-CO-CTL) |


    APPEAL from an order of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Reversed and remanded.

    Kitagawa & Ebert, James R. Ebert and Steven L. Krongold for Plaintiff and Appellant.

    Phuoc Lee Johnson, in pro. per.; Jabro Law Group and Dimetri Reyzin for Defendant and Respondent.

## INTRODUCTION

Appellant G.F. Galaxy Corporation (Galaxy) appeals from an order granting with prejudice Phuoc Lee Johnson's motion to tax postjudgment costs under Code of Civil Procedure section 685.070, subdivision (c).[1]

Galaxy had secured a default judgment against Johnson in the instant action and sought by way of a second action to prevent Johnson from transferring assets that might otherwise be available to satisfy the judgment. While the second action remained pending, Galaxy filed a cost memorandum in this case pursuant to section 685.040. Therein, it requested the attorney fees and costs it incurred during the first two years of its efforts to enforce the judgment. The costs derived primarily from the second action. In response, Johnson filed a motion to tax costs seeking to strike the attorney fees and most of the postjudgment costs Galaxy sought.

The trial court concluded that a judgment creditor may not claim attorney fees and costs incurred in a separate action before it has prevailed in that action. Because Galaxy's second action remained ongoing, the trial court granted the motion to tax costs with prejudice, noting that Galaxy could "seek any potential fees or costs it may be entitled to in the Second Action."

Galaxy appealed, arguing that section 685.040 does not contain a "prevailing party" requirement. We agree and conclude the trial court abused its discretion in granting the motion to tax costs on this basis. We therefore reverse and remand the case for further proceedings consistent with this opinion.

---

[1]     Statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2018, Galaxy sued Johnson and others for breach of contract and fraud. On October 29, 2019, the trial court entered a default judgment against Johnson and another party in the amount of $477,075.71, which included an award of attorney fees pursuant to contract. Thereafter, Galaxy recorded an abstract of judgment reflecting the default judgment amount with the San Diego County Recorder. Johnson did not pay the amount due under the judgment.

In February 2020, Galaxy filed a second action against Johnson and others, alleging that Johnson quitclaimed his interest in real property to his spouse and recorded sham deeds of trust in an effort to avoid the lien in favor of Galaxy imposed by the abstract of judgment. Galaxy sought to cancel deeds of trust to two properties, quiet title to the same, and set aside the allegedly fraudulent transfer. In its second amended complaint, Galaxy clarified that it sought relief pursuant to the Uniform Voidable Transfer Act (Civ. Code, § 3439 et seq.) (UVTA).

Meanwhile, another creditor, Franklin De Marco, Jr., recorded another abstract of judgment against Johnson with the San Diego County Recorder on September 27, 2021 (the De Marco Abstract). The De Marco Abstract created a judgment lien in the sum of $348,870.86.

In April 2022, while the second action remained pending, Galaxy filed a memorandum of costs after judgment in the first action. Therein, Galaxy sought $257,910.50 for attorney fees incurred between May 1, 2020, and March 31, 2022, in prosecuting the second action. It also requested $18,733.22 in costs. In response, Johnson filed a motion to tax postjudgment costs and attorney fees. He argued Galaxy was required to have filed a noticed motion setting forth its entitlement to reasonable attorney fees, not

3

simply a memorandum of costs.  Additionally, in requesting that the attorney fees and costs be stricken, he noted that "[t]here has been no judgment, no determination of prevailing party, and no award of attorney's fees or costs [in] the Pending Case."[2]  Galaxy disputed that a motion was required and that section 685.040 contained a "prevailing party" requirement.

On December 16, 2022, the trial court held a hearing and then adopted its tentative ruling granting the motion to tax costs.  The court rejected Johnson's argument that Galaxy was required to claim attorney fees by way of a noticed motion, explaining that "the Code clearly allows [Galaxy] to claim attorney fees either by way of a costs memorandum or by noticed motion. (Code Civ. Proc., §§ 685.070(a)(6) & 685.080.)"  However, the court concluded that "[n]one of the cases cited by [Galaxy] allowed the judgment creditor to claim attorney fees and costs incurred in a separate action before the separate action had been resolved in some way."  It further determined that, "even assuming the Second Action is an action to enforce the judgment rendered in this case (which the court does not determine at this time), [Galaxy] has not yet prevailed in the Second Action.  As such, [Galaxy] is not entitled to claim those costs."  The court, therefore, struck the attorney fees and costs from Galaxy's cost memorandum and made its order with prejudice, noting that Galaxy could "seek any potential fees or costs it may be entitled to in the Second Action."

## DISCUSSION

### I.

### Johnson's Motions on Appeal

After Galaxy filed its opening appellate brief and Johnson responded, Johnson filed a motion requesting that we take judicial notice of subsequent

---

[2]     In this instance, the term "Pending Case" referred to the second action.

filings in the case. He also moved to augment the record and dismiss the appeal. Galaxy opposed the motion to dismiss and request for judicial notice but did not object to Johnson's request to augment the appellate record.

Even if we were to take judicial notice of the requested documents and augment the record, Johnson's motion does not persuade us that dismissal is warranted. Johnson asks us to consider evidence that, on June 28, 2023, he tendered a cashier's check for $641,571.43 to Galaxy, which he contends fully satisfied the judgment in the first action. He represents that the check included postjudgment interest calculated through July 5, 2023, and was delivered with a letter demanding that Galaxy immediately file a full satisfaction of judgment. Galaxy accepted the check but did not provide an acknowledgement of full satisfaction of judgment or release its judgment lien. Instead, on June 30, 2023, it filed a partial satisfaction of judgment wherein it acknowledged receiving $641,571.43 but stated: "G.F. Galaxy Corporation filed a Memorandum of Costs After Judgment on April 27, 2022. Phuoc Lee Johnson filed a Motion to Tax Costs, which was granted by the court. G.F. Galaxy Corporation has appealed the Court's ruling to seek $276,643.72 in additional Attorney's fees and costs, and the Appeal has not been decided." In response, Johnson filed a motion to compel Galaxy to execute a full satisfaction of judgment. The trial court set a hearing on the motion for December 22, 2023.

The thrust of Johnson's argument is that because Galaxy accepted the payment, it is foreclosed from continuing to seek the attorney fees and costs it incurred in attempting to enforce the judgment. Additionally, Johnson contends that when Galaxy accepted the check, it also was required to accept the condition that the payment constituted full satisfaction of the judgment.

5

Johnson relies primarily on *Gray1 CPB, LLC v. SCC Acquisitions, Inc.* (2015) 233 Cal.App.4th 882 (*Gray1*).  In *Gray1*, the plaintiff obtained a large judgment against the defendants.  (*Id.* at pp. 887–888.)  Almost two years later, counsel for the defendants hand delivered to Gray1's attorneys a cashier's check for nearly $13 million and a letter.  (*Id.* at p. 888.)  The letter indicated that the cashier's check covered the judgment, plus accumulated interest, that the judgment was fully satisfied, and that Gray1 must immediately file a full satisfaction of judgment.  (*Ibid.*)  Gray1's counsel accepted the check but did not deposit it until after Gray1 filed a motion for postjudgment costs that included a request for more than $3.1 million in attorney fees incurred in attempting to enforce the judgment.  (*Ibid.*)  Thereafter, Gray1 filed an acknowledgment of partial satisfaction of judgment.  (*Ibid.*)  In response, the defendants filed a motion to compel Gray1 to acknowledge its full satisfaction of the judgment.  (*Ibid.*)  The trial court denied Gray1's motion for postjudgment costs as untimely and denied the defendants' motion to compel, noting that "Gray1's failure to file a timely acknowledgment of full satisfaction of judgment was not without just cause." (*Id.* at p. 889.)

Both sides appealed.  (*Gray1*, *supra*, 233 Cal.App.4th at pp. 889, 898.)  Although the reviewing court acknowledged there was no dispute that Gray1 had the "right to timely seek reasonable attorney fees as costs in efforts to enforce its judgment," it confirmed that "[t]o be timely, the motion must be made *before* the underlying judgment has been fully satisfied and within two years of the fees being incurred."  (*Id.* at p. 891.)  The court concluded that Gray1's acceptance, not the cashing, of the cashier's check fully satisfied the judgment, making its subsequent motion untimely.  (*Id.* at pp. 894–895.)  As to the defendants' motion, the court explained that the statute governing

6

satisfaction of judgments, section 724.050, makes the creditor liable for damages *if* the creditor fails *without just cause* to comply with the demand for timely acknowledgement of full satisfaction of the judgment. (*Gray1*, at p. 898; § 724.050, subd. (e).) Because the reviewing court concluded that, "[w]hether viewed under a substantial evidence test [citation] or for an abuse of discretion [citation], the trial court did not err in ruling on defendant's motion," it affirmed. (*Gray1*, at pp. 898–899.)

In this case, *Gray 1* is materially distinguishable on the question of whether Galaxy's acceptance of Johnson's check effectively terminated Galaxy's right to pursue its enforcement fees and costs on appeal. Whereas Gray1 took possession of the check before filing its motion for fees, Galaxy had already filed its cost memorandum, and an appeal of the trial court's ruling on the same, long before Johnson tendered payment of the judgment. Thus, *Gray1* offers no support for the proposition that Galaxy's right was extinguished upon acceptance of the check. Furthermore, nothing in *Gray1* or section 685.070, subdivision (b) requires the court to have *ruled* on the cost memorandum prior to satisfaction; they mandate only that the memorandum or motion be *filed* before the judgment is fully satisfied. (See *Gray1*, *supra*, 233 Cal.App.4th at p. 891; § 685.070, subd. (b) ["[b]efore the judgment is fully satisfied but not later than two years after the costs have been incurred, the judgment creditor claiming costs under this section shall file a memorandum of costs with the court clerk and serve a copy on the judgment debtor"].) This comports with the statute's policy purpose of avoiding unfair surprise to the debtor. (See *Conservatorship of McQueen* (2014) 59 Cal.4th 602, 615 (*McQueen*).) As the Supreme Court explained, " '[T]he statutory purpose of requiring that the motion for enforcement costs be brought "before the judgment is satisfied in full" (§ 685.080, subd. (a)) is to avoid a situation

7

where a judgment debtor has paid off the entirety of what he [justifiably] believes to be his obligation in the entire case, only to be confronted later with a motion for yet more fees.' "[3] (*Ibid.*) In the face of Galaxy's pending appeal of the order taxing costs, Johnson could not justifiably claim to believe his obligation terminated.

Nor are we persuaded that the appeal must be dismissed because Johnson conditioned acceptance of the check on Galaxy filing an acknowledgement of full satisfaction. Johnson's primary support for this assertion is Civil Code section 3521, which provides that "[h]e who takes the benefit must bear the burden." A traditional application of this maxim of jurisprudence is presented in *Fanning v. Yoland Productions, Inc.* (1957) 150 Cal.App.2d 444, a case cited by Johnson. There, a movie producer, Yoland, assigned its rights to an actor's services to another movie producer, Cardinal, but, unbeknownst to the actor, retained the obligation to pay the actor's guaranteed minimum rate. After neither company paid the actor's fee and litigation commenced, the reviewing court concluded that the agreement between Cardinal and Yoland was not binding on the actor. (*Id.* at p. 451.) Therefore, the court held that because Cardinal accepted the benefits of the employment contract, under Civil Code section 3521, it must also bear the burdens of the contract and pay the actor's guaranteed minimum rate. (*Fanning*, at pp. 451–452.)

This case does not provide support for the strained application of Civil Code section 3521 Johnson proposes. Here, Johnson was not an innocent

---

[3] The *McQueen* court noted earlier in the opinion that fees and costs could be sought either via a motion pursuant to section 685.080 or a cost memorandum pursuant to section 685.070. (*McQueen*, *supra*, 59 Cal.4th at p. 607, fn. 4.) Because the time limit under both provisions is the same (see *ibid.*), the purpose of preventing unfair surprise logically applies to both.

third party to the agreement who performed what was required of him with the expectation of a certain outcome. Rather, Johnson knew the amount he paid did not constitute the full amount of the judgment Galaxy sought and that the appeal remained pending, but nonetheless apparently took a gamble on attempting to manufacture a scenario that would allow him to extricate himself from potential liability for hundreds of thousands of dollars in attorney fees and costs before final resolution of the appeal.

We are further dissuaded from dismissing the case on this basis by the fact that Johnson filed a motion to compel Galaxy to execute a full satisfaction of judgment in the underlying action, which has not yet been heard on the merits. Thus, this dispute does not appear ripe for review. And while we do not decide the motion to compel, it bears noting that although Johnson earlier relied on *Gray1*, that case lends support for Galaxy on this point. In *Gray1*, the reviewing court agreed that Gray1's failure to file a full satisfaction was not without just cause even though Gray1 had not filed a timely motion for costs. (*Gray1*, *supra*, 233 Cal.App.4th at pp. 888, 898–899.) The trial court would have greater justification for reaching the same conclusion here, where Galaxy did file a timely cost memorandum and the issue was on appeal.[4]

---

[4] Johnson also cites as grounds for dismissal the defenses of unclean hands, equitable estoppel, waiver, and accord and satisfaction. However, because he provides no authority demonstrating that we may rely on one or more of these defenses as grounds to dismiss a pending appeal, we do not address them. It is the appellant's responsibility "to support claims of error with meaningful argument and citation to authority." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; Cal. Rules of Court, rule 8.204(a)(1)(B).) "When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen*, at p. 52.)

Accordingly, we deny Johnson's motion to dismiss, motion to augment, and motion for judicial notice.

## II.

### Order Granting Johnson's Motion to Tax Costs

Turning to the issue on appeal, Galaxy argues the trial court erred in reading a "prevailing party" requirement into section 685.040 and then, based on this interpretation, finding the fee request premature. It also takes issue with the trial court's conclusion that "[n]one of the cases cited by [Galaxy] allowed the judgment creditor to claim attorney fees and costs incurred in a separate action before the separate action had been resolved in some way," because this was not the proposition for which Galaxy cited the referenced cases.[5]

We generally apply the abuse of discretion standard of review when evaluating a ruling on a motion to tax costs or one addressing a motion for attorney fees. (*Valenti v. City of San Diego* (2023) 94 Cal.App.5th 218, 231.) Under the abuse of discretion standard, " '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.) Thus, although Galaxy contends we must independently

---

5    On this latter point, it is true the trial court distinguished authority Galaxy cited in support of a different legal point. In its opposition to the motion to tax costs, Galaxy relied on *Cardinale v. Miller* (2014) 222 Cal.App.4th 1020 (*Cardinale*), *Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, and *Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, for the proposition that "attorney fees and costs incurred in a separately filed fraudulent transfer action are recoverable and can be added to the original judgment." While it did separately argue that postjudgment costs could be awarded absent a prevailing party finding, it did not cite to or rely upon these particular cases.

10

review the trial court's ruling, we apply the de novo standard only to the trial court's interpretation of the statute. We review the court's application of the relevant statutes to the facts of the case for abuse of discretion. (*Ibid.*)

We begin with the trial court's interpretation of section 685.040. " 'In construing a statute, our task is to ascertain the intent of the Legislature so as to effectuate the purpose of the enactment. [Citation.] We look first to the words of the statute, which are the most reliable indications of the Legislature's intent. [Citation.] We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83.) " 'If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history.' " (*Ibid.*)

As Galaxy points out, "In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to *insert what has been omitted*, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (§ 1858, italics added; *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.* (1999) 70 Cal.App.4th 55, 61.) "Thus, ' " . . . '[i]n construing . . . statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language.' " ' " (*Vikco*, at p. 62.)

On its face, section 685.040 does not require the judgment creditor to be the prevailing party. Section 685.040 provides only that "[t]he judgment

11

creditor is entitled to the reasonable and necessary costs of enforcing a judgment." It does not include additional language specifying that such enforcement efforts must be concluded or successful. Nor does it contain language we find ambiguous relating to this issue such that resort to extrinsic evidence is necessary to determine the legislative intent. (See *People v. Valencia* (2017) 3 Cal.5th 347, 358.) To the contrary, under its plain language, without a prevailing party requirement, the statute harmonizes with subsequent sections (e.g., §§ 685.070 and 685.080) and does not contain any surplus terms. (See *Valencia*, at p. 357 [warning that " '[a] construction making some words surplusage is to be avoided' "].) We see no reason why a court could not assess whether interim costs of enforcing a judgment are reasonable and necessary just as adeptly as it could evaluate final costs. Therefore, we conclude the Legislature did not intend section 685.040 to include a prevailing party requirement.

Likewise, section 685.070 does not mandate that the creditor wait until successful resolution of an enforcement action before filing a cost memorandum. Instead, the latter section specifically requires the creditor to file its memorandum of costs "[b]efore the judgment is fully satisfied but not later than two years after the costs have been incurred." (§ 685.070, subd. (b); c.f. *David S. Karton, A Law Corp. v. Dougherty* (2009) 171 Cal.App.4th 133, 147–148 [referring to a cost memorandum under section 685.070 that sought fees incurred throughout the *four years* before it was filed as "improper on its face"].) If we were to require the creditor to wait more than two years until it obtained a judgment in the enforcement case, it would waive its right to attorney fees for that time period under section 685.070. Such an interpretation, which incentivizes delay tactics by a

12

debtor who has already resisted paying a debt, cannot be the intent of the Legislature.

Although not addressing this issue head on, numerous cases appear to adopt this interpretation and contemplate piecemeal filing of cost memorandums or motions before the judgment is satisfied or any separate enforcement efforts result in success. For example, in *McQueen*, our high court noted that "[i]f the creditor has reason to believe cash may imminently be tendered to pay the judgment, prudence counsels filing a motion or memorandum for the costs and fees *accumulated to that point*; if the judgment is not then satisfied, any costs or fees accruing later may be sought in a *supplemental* motion or memorandum." (*McQueen, supra*, 59 Cal.4th at p. 615, italics added.) Likewise, in *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 144–145, the First District explained that "[a] judgment creditor may have to file a number of separate cost bills and motions for fees, because the rights to such costs and fees arise at different times in the course of postjudgment proceedings, and those rights would be waived if recovery were not timely sought." Finally, in *Gray1*, the court expressed that Gray1's purported efforts to enforce its judgment in other jurisdictions was "not without sympathetic appeal" and said that "Gray1 could have made a motion *or motions* for postjudgment costs, including attorney fees, prior to defendants fully satisfying the judgment nearly two years after entry of the judgment." (*Gray1, supra*, 233 Cal.App.4th at p. 896, italics added.) None of these statements would have meaning if only one request was allowed after the creditor succeeded in enforcement efforts no matter how long they took.

Arguably, the judgment creditor that waited until it successfully resolved an enforcement action would also waive recovery because success

13

likely would mean the debtor satisfied the judgment. As previously highlighted, a cost memorandum filed *after* the judgment is fully satisfied is barred. (§ 685.070, subd. (b).) Thus, the trial court's logic would leave the creditor in the untenable position of having to quickly file its cost memorandum in the small window between when it obtained a judgment in the enforcement action and when the debtor complied with that judgment or be forever barred from recovering its fees and costs. And again, the creditor would still lose out on fees and costs in this scenario if it took more than two years to secure a judgment in the enforcement action.

Allowing recovery of attorney fees and costs before the creditor prevails in the enforcement action also would not, as the trial court and Johnson seem to fear, provide the creditor with a blank check for unnecessary or excessive fees. Under section 685.040, the judgment creditor is only entitled to "the reasonable and necessary costs of enforcing a judgment," so the amount of any interim award would still be subject to judicial review and discretion. (§ 685.040; § 685.070; *Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1012–1013 (*Coastline*).)

Accordingly, we conclude the trial court erred in construing section 685.040 as including a prevailing party provision.

Because the trial court's interpretation of the statute led it to grant Johnson's motion to tax all the fees and costs with prejudice, without any assessment of whether the fees were reasonable and necessary to enforce the underlying judgment, we conclude the trial court abused its discretion. We further conclude the error was prejudicial. The court did not find that Galaxy was not entitled to fees in this case, just that he was not entitled to them before a prevailing party determination had been made. But because the

14

two-year statutory time limit has now run and the trial court made its order with prejudice, Galaxy cannot refile its cost memorandum in the first action.

Additionally, while the error might be harmless if Galaxy could in fact recover its costs in the second action as the trial court proposed, Galaxy disputes this conclusion. Galaxy filed its second action under the UVTA. However, the UVTA does not itself entitle the prevailing party to attorney fees. (Civ. Code § 3439 et seq; *Cardinale, supra*, 222 Cal.App.4th at p. 1025.) Notably, Johnson does not dispute this argument in contending that any error by the trial court was harmless. Nor does he provide any authority indicating section 685.040 authorizes recovery of attorney fees in a separate enforcement action. And indeed, *McQueen* suggests the contrary, explaining: "Although incurred in a separate proceeding, the attorney fees plaintiff claims for prosecuting the fraudulent transfer action were expended in an effort to maintain assets in defendant's hands for potential satisfaction of the judgment in *this* case. They therefore came within the scope of what could be claimed, in this case, under section 685.040. 'Attorney fees incurred in one action may be considered necessary litigation costs in another.'" (*McQueen, supra*, 59 Cal.4th at pp. 612–613.) Further, "because section 685.040 is not itself a substantive fee-shifting statute. . . . [it] creates no independent authority for awarding attorney fees." (*Id.* at p. 613.) We therefore conclude the error was prejudicial and warrants remand.[6]

Although we conclude the trial court erred in finding section 685.040 required Galaxy to prevail in the second action before being entitled to claim costs in this action, we express no opinion as to whether the attorney fees and costs claimed by Galaxy were reasonable and necessary to enforce the

---

[6] Because we reverse the decision on these grounds, we need not address Galaxy's other grounds for asserting the error was prejudicial, including its argument regarding the De Marco Abstract.

15

judgment in this case. (§ 685.040; *Coastline*, *supra*, 80 Cal.App.5th at pp. 1012–1013.) We leave it to the trial court to make this determination on remand.

On a final note, Johnson continues to argue that Galaxy was required to file a noticed fee motion. But the trial court rejected this argument, and Johnson did not challenge the ruling in a cross-appeal. Therefore, we will not address it here. (*Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585 [" 'To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants' "].)

## DISPOSITION

The order granting the motion to tax costs is reversed, and the matter remanded for further proceedings consistent with this opinion. Galaxy is entitled to its costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.

16

Filed 3/8/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| G.F. GALAXY CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PHUOC LEE JOHNSON,<br><br>    Defendant and Respondent. | D081492<br><br>(Super. Ct. No. 37-2019-00009803-CU-CO-CTL)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed February 26, 2024 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

HUFFMAN, Acting P. J.

Copies to: All parties