Filed 11/21/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| OFEK RACHEL, LTD., et al., | B333959 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20STCP01943) |
| v. | |
| SUKI BEN ZION, | |
| Defendant; | |
| CHAIM COHEN, | |
| Objector and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Theresa M. Traber, Judge. Affirmed.

Esensten Law, Robert L. Esensten and Randi R. Geffner for Objector and Appellant.

Smith, Gambrell & Russell, Anne K. Edwards and Theodore H. Dokko for Plaintiffs and Respondents.

\* \* \* \* \* \*

In a contempt proceeding brought under Code of Civil Procedure section 1218,[1] a person who is adjudged guilty of contempt may be (1) fined, (2) imprisoned, and (3) if that person is "subject to a court order as a party to the action" and "adjudged guilty of contempt for violating that court order," ordered to pay "the reasonable attorney's fees and costs" of the party prosecuting the contempt petition.  (§ 1218, subd. (a).)  Does a trial court have the authority to impose attorney's fees against a person who violated a court order compelling discovery issued during the post-judgment enforcement proceedings—even though that person was not a party to the lawsuit giving rise to the judgment being enforced?  We conclude the answer is "yes" because that person is a party to the post-judgment enforcement proceedings. We accordingly affirm the award of attorney's fees in this case.

## FACTS AND PROCEDURAL BACKGROUND

### I.	Proceedings Giving Rise to Judgment

Ofek Rachel, Ltd. and M.M.N. Yad David, USA Ltd. (collectively, the judgment creditors) obtained a 2016 judgment from a court in Israel against Suki Ben Zion (Zion).  The judgment creditors subsequently filed a lawsuit in New York

---

[1]	All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

state court to enforce the Israeli judgment,[2] and the New York court issued a 2017 judgment against Zion for $5.5 million.

## II.    Attempts to Enforce Judgment in California

Despite professing to have no assets to pay the judgment, Zion was still living in a multi-million-dollar condominium in Manhattan, holding valuable property in Brooklyn, sending his three children to an expensive private school in Manhattan, and traveling lavishly.  In a post-judgment debtor's examination and other discovery, Zion admitted that his friend Chaim Cohen (Cohen) was paying all of Zion's expenses, often with American Express credit cards in Cohen's name.

When the judgment creditors served a document subpoena on Cohen seeking his American Express statements, Cohen filed a motion to quash that subpoena in California court in June 2020.  That motion was granted after the court ruled that the subpoena was procedurally defective.

The judgment creditors served a second document subpoena on Cohen.  When Cohen did not respond, the judgment creditors petitioned the California courts for an order directing compliance.  The trial court granted that motion.  When Cohen's responses consisted chiefly of American Express statements redacted so heavily that they revealed no information, the judgment creditors filed a motion to compel appropriate discovery responses in February 2022.

In a March 11, 2022 order, the trial court granted the motion and issued an order compelling Cohen to "conduct an examination of his redactions to ensure that only Cohen's own

---

[2]     Supreme Court of the State of New York, County of New York, Index No. 655213/2016.

charges have been redacted" and to otherwise respond to the outstanding discovery without objection.

## III. Contempt Proceedings

When Cohen did not comply with the March 11, 2022 order, the judgment creditors filed a motion to hold Cohen in contempt.

On February 22, 2023, the trial court issued the operative order to show cause that listed four specific counts of failure to comply with its March 11, 2022 order compelling discovery. After Cohen entered a plea of not guilty, the matter proceeded to a three-day trial in April 2023.

In May 2023, the trial court issued a tentative ruling finding Cohen in contempt. Specifically, the court found Cohen guilty on two of the counts, partly guilty on a third, and not guilty of the fourth. After entertaining objections to the statement of decision, the court issued its final statement of decision in July 2023 that embodied the same findings.

## IV. Remedy for Contempt Violations

After soliciting briefing on the appropriate remedy for Cohen's contempt violation, the trial court imposed a $3,000 statutory fine (consisting of $1,000 for each full or partial violation) and ordered Cohen to pay the judgment creditors $185,095.20 for their attorney's fees and $8,964.71 in costs.

## V. Appeal

After paying the $3,000 fine, Cohen filed this timely appeal.

### DISCUSSION

Cohen does not challenge his guilt of contempt charges for disobeying the trial court's order compelling discovery (§ 1209, subd. (a)(5) [contempt appropriate for "[d]isobedience of any lawful . . . order . . . of the court"]) or the amount of attorney's

4

fees imposed.  Instead, he presents a single question:[3]  Does section 1218 grant a trial court the power to impose attorney's fees against a person for non-compliance with a court order in post-judgment enforcement proceedings when that person was not a party to the underlying litigation giving rise to that judgment?  This question turns on issues of statutory interpretation, which we review de novo.  (*Davis v. Fresno Unified School Dist.* (2023) 14 Cal.5th 671, 687.)

The answer to that question is "yes," and we reach that answer for three reasons.

First and foremost, the language of section 1218 so dictates, and that language controls (*Brennon B. v. Superior Court* (2022) 13 Cal.5th 662, 673 ["If the [statutory] language is clear, courts must generally follow its plain meaning . . ."].).  In pertinent part, subdivision (a) of section 1218 provides:

> Upon the answer and evidence taken, the court or judge shall determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that the person is guilty of the contempt, a fine may be imposed on the person not exceeding one thousand dollars ($1,000), payable to the court, or the person may be imprisoned not exceeding five days, or both.  *In addition, a person who is subject to a court order as a party to the action . . . who is adjudged*

---

3    Although Cohen appealed the trial court's order and the judgment creditors dispute whether an order challenging the attorney's fees portion of a contempt order is subject to review by appeal, we elect to sidestep this threshold issue of appealability by construing Cohen's appeal as a petition for a writ of mandate because it entails a pure question of law.  (*Olson v. Cory* (1983) 35 Cal.3d 390, 400-401.)

> *guilty of contempt for violating that court order may*
> *be ordered to pay the party initiating the contempt*
> *proceeding the reasonable attorney's fees and costs*
> *incurred by this party in connection with the contempt*
> *proceeding.*

(§ 1218, subd. (a), italics added.)  Under the italicized portion of the statute, a court may only impose attorney's fees against a person who was "subject to a court order as a party to the action" and who is "adjudged guilty of contempt for violating that court order." (*Ibid.*)  Because an "action" is defined as "an ordinary proceeding . . . by which one party prosecutes another for the . . . enforcement . . . of a right" (§ 22), and because post-judgment enforcement proceedings between judgment creditors on the one hand, and judgment debtors and third parties on the other, can entail the enforcement of rights to discovery conferred by court orders (e.g., *Shrewsbury Management, Inc. v. Superior Court* (2019) 32 Cal.App.5th 1213, 1223-1224), persons who are subject to court orders as a party to post-judgment enforcement proceedings can be ordered to pay attorney's fees if they violate any such orders.  Nothing in the language of section 1218 requires the violator *also* to be a party-litigant to the underlying proceeding giving rise to the judgment, which is a separate and distinct action.  (See *Gray1 CPB, LLC v. SCC Acquisitions, Inc.* (2015) 233 Cal.App.4th 882, 887 ["action" to "enforce" "judgment" was "separate" from "underlying matter"].)

Second, this interpretation is most consistent with our Legislature's purpose.  When our Legislature in a 1994 amendment added the language to section 1218 italicized above, it had a distinct reason for empowering trial courts to award attorney's fees against persons who violate court orders—namely,

6

"'to encourage parties to enforce contempt violations and to encourage parties to comply with court orders'" by imposing an additional cost for non-compliance. (*Moore v. Superior Court* (2020) 57 Cal.App.5th 441, 464-465, quoting *Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528, 1537; *Goold v. Superior Court* (2006) 145 Cal.App.4th 1, 10.) The legislative history for this amendment repeatedly documents this purpose. We must give effect to this reason, especially when it reinforces the statute's plain text. (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 26 ["'it is the Legislature's policy that ultimately must control, and in determining that policy we must pay heed to available evidence of legislative intent,' including 'the history of the pertinent statutes,'" italics omitted].)

Third and lastly, this interpretation fits most consistently with the tapestry of remedies available in post-judgment enforcement proceedings. In the post-judgment enforcement context, the availability of attorney's fees as a remedy depends on the specific enforcement mechanism used. Although the default rule is that attorney's fees are not available unless granted by a contract in the underlying litigation (§§ 685.040, 685.070, subd. (a)(6); *Conservatorship of McQueen* (2014) 59 Cal.4th 602, 613), that default rule does not apply where "otherwise provided by law" (§ 685.040; *Highland Springs Conference & Training Center v. City of Banning* (2019) 42 Cal.App.5th 416, 424), and there are several such instances. Attorney's fees are available when levying on a lien of execution. (§ 701.020, subd. (c); cf. *Ilshin Investment Co., Ltd. v. Buena Vista Home Entertainment, Inc.* (2011) 195 Cal.App.4th 612, 629.) And, more to the point, they are available when a court issues an order compelling compliance with a post-judgment document subpoena, even against a non-

7

party to the underlying litigation.  (§§ 1987.2, 1987.1, subds. (a), (b)(2).)  It would therefore make little sense to construe the contempt statute—which can be used to enforce an order compelling compliance with such a subpoena—to *disallow* attorney's fees.  (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1008 [appropriate to "refer[] to other statutes which apply to similar or analogous subjects"].)

Cohen resists this conclusion with two arguments.

First, he makes what he characterizes as a plain language argument.  Specifically, he argues that section 1218 draws a dichotomy between "*person[s]*" adjudged guilty of contempt, and "a person who is subject to a court order *as a party to the action*," and provides for an award of attorney's fees only against the latter.  Because Cohen was not a "party" to the underlying New York action, Cohen reasons, he is merely a "person" adjudged guilty of contempt and thus cannot be assessed attorney's fees under section 1218.

This argument fails for three reasons.  To begin, Cohen's argument misreads the text of section 1218, which makes eligibility for an award of attorney's fees contingent upon being "subject to a court order as a party to the action" and upon being found "guilty of contempt for violating that order"—not contingent upon being a party to a separate, underlying proceeding.  Next, Cohen's argument misapprehends the *purpose* for the "party" requirement.  As the Senate Committee on Judiciary Report in support of the 1994 amendment adding this language explained, the party requirement was included to ensure that strangers to litigation cannot obtain attorney's fees awards by bringing contempt proceedings to enforce orders issued in litigation to which they are not a party.  That does not apply

8

where, as here, both the movant and the contemnor *were* parties to the post-judgment enforcement proceedings.  Lastly, Cohen's argument leads to a result at odds with the purpose of the 1994 amendment.  If accepted, Cohen's reading of section 1218 would preclude awards of attorney's fees against anyone prosecuted for contempt for violating court orders in post-judgment enforcement proceedings if that person was not a party to the underlying litigation, even if that person had pertinent information and had flagrantly violated court orders.  The unavailability of attorney's fees in this scenario would remove a powerful incentive for private parties to initiate a contempt action, and thereby weaken the effect of court orders—a result inimical to the above-noted purpose of encouraging compliance with court orders.  (*People v. Superior Court* (1969) 70 Cal.2d 123, 132 [rejecting interpretation that "would produce results at once unreasonable and inconsistent with legislative purpose"].)

Second, Cohen argues that section 2029.600, subdivision (b) supports his position that a post-judgment enforcement proceeding is merely a continuation of the underlying proceeding giving rise to the judgment.  We reject this argument.  That provision provides that "[a] request for relief [to enforce a subpoena arising out of an out-of-state case] shall be referred to as a petition notwithstanding any statute under which a request for the same relief would be referred to as a motion or by another term if it was brought in a proceeding pending in this state."  (*Id.*; see also *id.*, subd. (a).)  This language addresses what label to give to a request for relief in these circumstances.  It neither expressly states nor otherwise implies that post-judgment enforcement proceedings are part of the same proceeding that gave rise to the judgment.  Cohen seizes on the verbiage that a

9

request for relief under that provision is akin to a request that may be called a "motion or . . . another term . . . in a proceeding *pending* in this state" (*id.*, subd. (b), italics added), but this does not aid Cohen because the underlying case giving rise to a judgment is no longer a "pending" "proceeding" at the time of *post-judgment* proceedings because the entry of judgment is the end of that underlying proceeding.  (See generally *Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 654 [the entry of "'judgment' . . . signals the end of the case"].)  Indeed, Cohen in his opening brief acknowledged that this provision "do[es] not address the status of the person filing the [petition]," and thus does not speak to the issue before us.[4]

## DISPOSITION

The order is affirmed.  Judgment creditors are entitled to their costs on appeal.

**<u>CERTIFIED FOR PUBLICATION</u>**.

_____, J.
HOFFSTADT

---

[4]     Cohen's reference to section 2029.610 fares no better; that this provision requires the caption for the post-judgment enforcement proceedings in California to match the caption used in the case giving rise to the underlying judgment in another state also does not speak to whether the California post-judgment enforcement proceeding is a separate action.

We concur:

_____, P. J.
 LUI


_____, J.
 CHAVEZ